IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Western Division
Civil Action No.:

MARCUS WYNN FAULKNER,

    Plaintiff,

v.

GEORGE BATHGATE and
WESTERN HIWAYS, INC.,

    Defendants.

**COMPLAINT**
(Jury Trial Demanded)

Plaintiff, complaining of the Defendants, alleges and states:

## SUBJECT MATTER JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of Plaintiff's claims pursuant to 28 U.S.C. § 1332 insofar as the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different States.

2. Plaintiff's claim is brought within the statute of limitations set forth in N.C. Gen. Stat.§ 1-52 *et seq*.

3. Venue is proper in the Eastern District of North Carolina pursuant to 28 U.S.C. § 1391 since Marcus Wynn Faulkner resides within the District at the commencement of this action.

## PARTIES AND PERSONAL JURISDICTION

4. Marcus Wynn Faulkner (hereinafter "Plaintiff") is a natural person and resident of Sampson County, North Carolina.

5. Upon information and belief, George Bathgate (hereinafter "Defendant-driver") is a resident of Tehachapi, California and resides at 30001 Caddy Lane, Tehachapi, California 93561.

6. Upon information and belief, at all times relative to the claims asserted in this

1

Complaint the Defendant-driver was a nonresident driver who accepted the privileges conferred by the laws permitting the operation of motor vehicles upon the public highways of North Carolina such that he is deemed to have appointed the Commissioner of Motor Vehicles as his true and lawful attorney upon whom may be served all summonses or other lawful process in this action as provided by N.C. Gen. Stat. § 1-105.

7. Upon information and belief, Western Hiways, Inc. (hereinafter "Defendant-owner") is a business entity duly organized and existing under the laws of the State of California with its principal place of business in Bakersfield, California.

8. Public records show that Defendant-owner has designated James D. Kilgore as its agent for service of process, capable of being served with process at 7113 Copper Creek Way, Bakersfield, California 93308 (physical address) or Post Office Box 80607, Bakersfield, California 93380 (mailing address).

## **FACTS**

9. On January 30, 2016, at approximately 5:00 a.m., Plaintiff was operating a 2004 Ford passenger vehicle, owned by and registered in the Plaintiff's name.

10. At the time alleged, the Plaintiff was traveling generally South on that section of Hwy 421 in Clinton, North Carolina in Sampson County approaching the intersection with Martha Lane.

11. At the same time, Defendant-driver was operating a 2004 tractor/semi-trailer commercial motor vehicle, owned by and registered to Defendant-owner for use in furtherance of the business of and for the purpose of accomplishing or discharging the duties of Defendant-owner.

12. At all times relevant to the claims asserted herein, Defendant-driver had been issued a Class A commercial driver's license issued by the State of California.

13. At all times relevant to the claims asserted herein, Defendant-driver was in control of the 2004 tractor/semi-trailer unit and operated it under the authority granted to Defendant-owner by the United States Department of Transportation.

14. At all times relevant to the claims asserted herein, Defendant-driver operated the 2004 tractor/semi-trailer unit while in the course and scope of his employment with Defendant-owner.

15. Defendant-driver had been traveling generally North on that section of Hwy 421 in Clinton, North Carolina in Sampson County approaching the intersection with Martha Lane.

2

16. Upon information and belief, Defendant-driver brought the 2004 tractor/semi-trailer vehicle to a stop in the northbound lane at or near the intersection with Martha Lane with the intention of backing the vehicle onto Martha Lane so that he could travel generally South on Hwy 421.

17. Upon information and belief, the relevant portions of Hwy 421 was subject to traffic control devices placed on the surface of the roadway, namely double solid yellow lines.

18. Upon information and belief, the Defendant-driver began backing the tractor/semi-trailer onto Martha Lane and in so doing caused the semi-trial to cross the southbound lanes of Hwy 421 in a perpendicular fashion and across the path of the Plaintiff's vehicle, causing the front portion of Plaintiff's vehicle to collide with the left side of the tractor-semi-trailer.

19. As a direct and proximate result of the collision, Plaintiff has sustained severe personal injuries.

### FIRST CAUSE OF ACTION
### (Negligence-Defendant-driver)

20. That the allegations contained in paragraphs one through nineteen are incorporated herein by reference as if fully set forth verbatim.

21. At all times relevant to Plaintiff's claims, Defendant-driver owed a duty to exercise that degree of care which a reasonable and prudent person would use under the same or similar circumstances to protect himself and others, including the Plaintiff, from injury or damage.

22. Defendant-driver breached the duty owed by:

   a. Carelessly and heedlessly in willful or wanton disregard of the rights or safety of others in violation of N.C. Gen. Stat. § 20-140(a). This is a violation of a statute enacted by the North Carolina legislature for the purpose of public safety. Plaintiff was a member of the class of persons intended to be protected by this statute and violation of this statute constitutes negligence *per se*;

   b. Operating a motor vehicle on a highway in the State of North Carolina without due caution and circumspection and in a manner so as to endanger or be likely to endanger any person in violation of N.C. Gen. Stat. § 20-140(b). This is a violation of a statute enacted by the North Carolina legislature for the purpose of public safety. Plaintiff was a member of the class of persons intended to be protected by this statute and violation of this statute constitutes negligence *per se*;

3

c. Failing to yield the right of way to all vehicles approaching on the highway to be entered or crossed in violation of N.C. Gen. Stat. § 20-156(a). This is a violation of a statute enacted by the North Carolina legislature for the purpose of public safety. Plaintiff was a member of the class of persons intended to be protected by this statute and violation of this statute constitutes negligence *per se*;

d. Starting, stopping or turning from a direct line of travel without first seeing that such movement can be made in safety;

e. Backing the tractor/semi-trailer on a highway and across travel lanes in order to correct his course of travel when a safer method of doing so was available;

f. Backing the tractor/semi-trailer without the use of a helper or spotter;

g. Failing to decrease the speed of said vehicle, failing to properly and timely apply the brakes of said vehicle, failing to stop said vehicle, failing to turn said vehicle aside, or otherwise failing to exercise due care to avoid colliding with another vehicle, after the danger of said collision was discovered by him or in the exercise of due care should have been discovered, although he had the time and means available to do so;

h. Although Defendant-driver had ample opportunity to do so and saw, or in the exercise of reasonable diligence should have seen, that it was necessary to take some action to avoid a collision, nevertheless failing to act reasonably in order to avoid a collision;

i. Failing to keep a proper lookout and or failed to see what could be seen in the exercise of due care;

j. Failing to keep said vehicle under reasonable and proper control;

k. Failing to exercise reasonable care; and

l. In other ways as may be revealed through discovery or at trial.

23. As a direct and proximate result of the acts, omissions, or series of acts or omissions of Defendant-driver described herein, the Plaintiff sustained injuries and damages.

24. As a direct and proximate result of the aforesaid actions/omissions of Defendant-driver, Plaintiff has been damaged as follows:

4

a. Plaintiff sustained severe, painful and permanent personal injuries including, but not limited to, injuries to the head, spine, right hip, right knee and ear;

b. Plaintiff suffered and is continuing to suffer physical pain, mental anguish, emotional distress and anxiety, all of which may continue in the future;

c. Plaintiff has incurred medical and health care expenses for diagnosis and treatment and may incur additional medical and health care expenses in the future;

d. Plaintiff has been disabled from performing and enjoying his ususal and customary activities;

e. Plaintiff has suffered and may continue to suffer monetary loss due to lost wages, decreased ability to work and earn wages, and lost earnings/income opportunities; and

f. Permanent scarring and disfigurement.

25. As a direct and proximate result of the acts and omissions of Defendant-driver, the Plaintiff is entitled to recover from Defendant-driver a sum in excess of Seventy-Five Thousand Dollars ($75,000.00).

## SECOND CAUSE OF ACTION
### (Negligence-Vicarious Liability of Defendant-owner)

26. The allegations contained in paragraphs one through twenty-five are incorporated herein by reference as if fully set forth verbatim.

27. Upon information and belief, during all times relevant to Plaintiff's claims, Defendant-driver was operating the 2004 tractor/semi-trailer with the knowledge, permission, express authorization and consent of the Defendant-owner.

28. At all times relevant to Plaintiff's claims, Defendant-driver was an agent of Defendant-owner insofar as Defendant-driver was acting within the course and scope of his employment with or authority of Defendant-owner and in furtherance of Defendant-owner's business.

29. Defendant-owner ratifies the acts and/or omissions, or series of acts and/or omissions, of the Defendant-driver at the times relevant to the claims asserted herein.

30. The acts and/or omissions of Defendant-driver are imputed to Defendant-owner as a matter of law by application of the doctrine of *respondeat superior*.

5

Case 7:19-cv-00007-D   Document 1   Filed 01/08/19   Page 5 of 9

31. The Plaintiff's injuries and damages as herein below set forth were directly and proximately caused by the negligence of Defendant-owner.

32. As a direct and proximate result of the aforesaid actions/omissions of Defendant-owner, Plaintiff has been damaged as follows:

    a. Plaintiff sustained severe, painful and permanent personal injuries;

    b. Plaintiff suffered and is continuing to suffer physical pain, mental anguish, emotional distress and anxiety, all of which may continue in the future;

    c. Plaintiff has incurred medical and health care expenses for diagnosis and treatment and may incur additional medical and health care expenses in the future.

    d. Plaintiff has been disabled from performing and enjoying his usual and customary activities.

33. As a direct and proximate result of the acts and omissions of Defendant-owner as herein above set forth, the Plaintiff is entitled to recover from the Defendant-owner a sum in excess of Seventy-Five Thousand Dollars ($75,000.00).

## THIRD CAUSE OF ACTION
**(Direct Negligence - Defendant-owner)**

34. The allegations set forth in paragraphs one through thirty-three are incorporated herein by reference as if fully set forth verbatim.

35. Defendant-owner owed the general public, including the Plaintiff, a duty to determine the qualifications and skills of its employees, such as Defendant-driver, including, but not limited to:
    a. adequately investigating, evaluating and selecting applicants before hiring them as truck drivers;
    b. adequately training and supervising these drivers; and
    c. adequately evaluating these employees' job performance so as to correct or discharge any incompetent or negligent employee before he or she injures the public and/or its property.

36. Prior to January 30, 2016 Defendant-owner knew, or through the exercise of reasonable care should have known, of the incompetency or bad habits of Defendant-driver and the foreseeability that such incompetency would cause harm to others, including the Plaintiff.

37. Defendant-owner breached these duties to the general public, including the

6

Case 7:19-cv-00007-D   Document 1   Filed 01/08/19   Page 6 of 9

Plaintiff, by its negligent and careless hiring, training, supervising and retaining of Defendant-driver who was unqualified, negligent and careless in his actions.

38. The Plaintiff's injuries and damages as herein below set forth were directly and proximately caused by the negligence of Defendant-owner.

39. As a direct and proximate result of the aforesaid actions/omissions of Defendant-owner, Plaintiff has been damaged as follows:

   a. Plaintiff sustained severe, painful and permanent personal injuries including, but not limited to, injuries to the head, spine, right hip, right knee and ear, among other things;

   b. Plaintiff suffered and is continuing to suffer physical pain, mental anguish, emotional distress and anxiety, all of which may continue in the future;

   c. Plaintiff has incurred medical and health care expenses for diagnosis and treatment and may incur additional medical and health care expenses in the future;

   d. Plaintiff has been disabled from performing and enjoying his ususal and customary activities;

   e. Plaintiff has suffered and may continue to suffer monetary loss due to lost wages, decreased ability to work and earn wages, and lost earnings/income opportunities; and

   f. Permanent scarring and disfigurement.

40. As a direct and proximate result of the acts and omissions of Defendant-owner as herein above set forth, the Plaintiff is entitled to recover from the Defendant-owner a sum in excess of Seventy-Five Thousand Dollars ($75,000.00).

## FOURTH CAUSE OF ACTION
### (Punitive Damages)

41. The allegations set forth in paragraphs one through forty are incorporated herein by reference as if fully set forth verbatim.

42. At the times relevant to Plaintiff's claims, Defendant-owner continued to employ and voluntarily gave possession of the commercial motor vehicle to the Defendant-driver when Defendant-owner knew, or by the exercise of reasonable care should have known, that Defendant-driver was incompetent, habitually careless and reckless, acted with indifference to the rights and safety of others and was likely to cause injury to others in operating the motor vehicle.

7

43. Defendant-owner knew, or reasonably should have known, that allowing Defendant-driver to continue to operate its commercial motor vehicle created a danger to the motoring public, including the Plaintiff.

44. The acts or omissions of Defendant-owner, as herein above set forth, were done in conscious and intentional disregard of and indifference to the rights and safety of others, specifically including the Plaintiff, and constitute willful or wanton conduct.

45. The officers, directors, or managers of Defendant-owner participated in or condoned the continued employment and voluntary giving possession of a commercial motor vehicle to the Defendant-driver in furtherance of the Defendant-owner's business despite Defendant-owner's knowledge, actual or constructive, of Defendant-driver's incompetence, habitual carelessness and recklessness, acting with indifference to the rights and safety of others and the likelihood of Defendant-driver to cause injury to others in the operation of a commercial motor vehicle.

46. Defendant-owner knew, or should have known, that it was reasonably likely that the aforesaid willful or wanton conduct was likely to result in injury, damage or harm to others, including the Plaintiff.

47. The injuries and damages sustained by the Plaintiff in the above described collision were proximately caused by the willful or wanton conduct of Defendant-owner.

48. As a proximate result of the willful or wanton conduct of Defendant-owner, as herein alleged, the Plaintiff is entitled to recover damages from the Defendant-owner an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE, Plaintiff demands entry of judgment as follows:

1. That Plaintiff have and recover of Defendant-driver and Defendant-owner, jointly and severally, a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) as compensatory damages, together with interest as allowed by law, for bodily injuries.

2. That Plaintiff have and recover of Defendant-owner a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) as punitive damages, together with interest as allowed by law, for bodily injuries.

3. That the costs of this action, including reasonable attorney fees, as by law provided, be taxed against the Defendants.

4. That Plaintiff have a trial by jury on all issues so triable.

5. That Plaintiff have such other relief as the Court deems just, fit, and proper.

This the 7th day of January, 2019.

**WHITLEY LAW FIRM**

By: /s/Robert E. Whitley
Robert E. Whitley
State Bar # 6445
3301 Benson Drive, Suite 120
Raleigh, NC 27609
Telephone: (919) 785-5000
rew@whitleylawfirm.com

By: /s/Ann C. Ochsner
Ann C. Ochsner
State Bar # 43108
3301 Benson Drive, Suite 120
Raleigh, NC 27609
Telephone: (919) 785-5000
aco@whitleylawfirm.com